**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY RENEE BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>LUZERNE COUNTY, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:02-CV-1389<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Before me is Defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56. (Doc. 53.)

This case involves Plaintiff's claim that she was terminated by Defendants, Peter Paul Olszewski, Jr., then the District Attorney of Luzerne County[1], and Stephanie Wychock, Office Administrator of the District Attorney's Office, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and Plaintiff's claim that Defendants, Barbara Harned, Sharon Prokopchak, Debbie Orzello, Colleen Pavlick, Paula Schnelly and Denise Brill violated 42 U.S.C. § 1985(3).

Because Plaintiff has not presented sufficient evidence of a conspiracy, Defendants' motion will be granted as to the §1985(3) claim. Because Plaintiff has failed to establish a prima facie case of discrimination, Defendants' motion will be granted as to the Title VII claim. Specifically, Plaintiff has not presented any evidence that her position remained open to similarly qualified applicants after her dismissal or that she was

---

[1] Peter Paul Olszewski, Jr. has since become a judge of the Court of Common Pleas of Luzerne County.

replaced by someone outside the protected class. Furthermore, had Plaintiff established a prima facie case of discrimination, she still failed to point to any evidence from which a factfinder could determine that Defendants' proffered legitimate nondiscriminatory reason for her dismissal was actually pretextual in nature. Therefore, Defendants' motion for summary judgment will be granted as two both claims.

**STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof,

simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

### A. <u>Section 1985(3)</u>

42 U.S.C. § 1985(3) provides:

> [I]n any case of conspiracy set forth in this section, if one or more persons engage therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for recovery of the damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To establish a claim under § 1985(3), Plaintiff must prove (1) a conspiracy; (2) motivated by a racial or class based animus designed to deprive, directly or indirectly, the plaintiff of equal protection of the laws; (3) an act in furtherance of the conspiracy; and, (4) an injury or deprivation of a right or privilege under the constitution or laws of the United States. *Lake v. Arnold* 112 F.3d 682, 685 (3d Cir. 1997) (citing *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 828-29 (1983)).

At the heart of a §1985(3) claim is racial animus or discriminatory motive. However, Plaintiff provides no evidence of discriminatory animus behind the alleged conspiracy. Plaintiff is African American. Yet, notably, when asked in her deposition why the Defendants lied at her disciplinary hearing, she did not assert it was because of racial animus. Rather, she stated she did not know why they would lie. (Doc. 56 at p. 60.)

Furthermore, Plaintiff's only evidence of conspiracy is her allegation that Defendants Harned, Prokopchak, Orzello, Pavlick, Schnelly and Brill testified falsely against her at her disciplinary hearing. The Plaintiff presents no evidence of a meeting where the conspiracy hatched, but nevertheless disputes the testimony of each Defendant. Essentially, Plaintiff asserts that because all Defendants lied, they must have conspired with each other for that purpose. As such, Plaintiff has failed to provide evidence of a conspiracy or discriminatory animus behind the alleged conspiracy and Defendants' motion for summary judgment as to the §1985(3) claim will be granted.

**B. <u>Title VII</u>**

42 U.S.C. § 2000e-2(a) provides, in pertinent part, as follows:

> It shall be an unlawful employment practice for an employer —

> (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individuals race, color, religion sex or national origin; or
>
> (2) to limit, segregate or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

This is a case in which Plaintiff claims she was the victim of a discriminatory discharge. As there is no direct evidence of racial animus in the termination of Plaintiff's employment, this case is subject to the burden shifting analysis proscribed by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Therefore, Plaintiff must prove that (1) she was a member of the protected class; (2) she was qualified for the job from which she was discharged; (3) she was discharged; and, (4) the job position was filled by a person outside the protected class, or the position remained open and Defendant sought to fill the position. *McDonnell*, 411 U.S. at 802.

The second and fourth criterion raise issues in this case. The second, *viz* job qualification, is subject to dispute. The fourth, *viz* filling the position with a non African American or the continued search for a candidate to fill it, is unsupported by any evidence offered by Plaintiff. As such, Plaintiff has not met her burden of establishing a prima facie case of discrimination.

However, even assuming arguendo that Plaintiff had established a prima facie case of discrimination, the Defendant has offered a non discriminatory reason for terminating Plaintiff, viz Plaintiff's misconduct. Given this stated legitimate, non-

discriminatory reason, Plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determining cause of the employer's action." *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir. 1994) (citations omitted). Plaintiff has failed to point to any such evidence.

In its current posture, this case presents a situation where the basis for the discharge is the testimony and statements of the §1985(3) Defendants. The Plaintiff, with the exception of admitting to mentioning voodoo, testified in her deposition that all of the allegations of threats and the possession of a firearm at work are untrue. Plaintiff is *pro se*, an African American, and states in her deposition that she has "a lot of evidence" of discrimination. (Doc. 56 at p. 99.) While the Plaintiff's discharge is based upon statements and testimony which Plaintiff testified is, in large measure, untrue, those with whom she disagrees did not discharge her. There has been no evidence addressed indicating that the District Attorney or his Administrator knew the statements of misconduct were untrue. While they ultimately knew that Plaintiff disputed the allegations of misconduct, they, as her employer, took action based on the allegations, choosing to discount Plaintiff's denials. This is appropriate for an employer to do, and provides the legitimate non discriminatory reason for the discharge.

Furthermore, as discussed above, Plaintiff did not attribute the §1985(3) Defendants' allegedly false testimony or their motivation in wanting her terminated to racial animus. When asked why they would be untruthful, Plaintiff testified that she did not know. (Doc. 56 at p. 60.) Moreover, when asked why the §1985(3) Defendants

would want Plaintiff terminated, she testified she was not saying that they wanted her terminated. (Doc. 56 at p. 60.)

As such, Plaintiff has not presented evidence from which a factfinder could reasonably disbelieve the legitimate articulated reasons or believe that an invidious reason was probably a motivating or determining cause for the termination. Therefore, Defendants' motion will therefore be granted as to the claim under 42 U.S.C. § 2000e-2(a).

An appropriate Order follows.

September 28, 2005
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY RENEE BRADFORD,<br><br>Plaintiff<br><br>v.<br><br>LUZERNE COUNTY, et al.,<br><br>Defendants. | NO. 3:02-CV-1389<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this 28th day of September, 2005, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56 (Doc. 53) is **GRANTED**.
2. Judgment is hereby entered in favor of Defendants, Peter Paul Olszewski, Jr., Stephanie Wychock, Barbara Harned, Sharon Prokopchak, Debbie Orzello, Colleen Pavlick, Paula Schnelly and Denise Brill.
3. The Clerk of Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge